**SUMMONS ISSUED**

FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
2011 MAR 18  PM 4: 03

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

OOO "GARANT-S"            )
                          )
  53/65 Vol'skaya Street, Suite I  )
  Saratov, Saratovskaya Oblast'   )
  Russian Federation 410056,      )
                          )
  Plaintiff,              )
                          )
  v.                      )   Case No.:
                          )
EMPIRE UNITED LINES CO., INC.   )
                          )
  2303 Coney Island Avenue   )
  Brooklyn, New York        )
                          )
and                       )
                          )
MICHAEL KHITRINOV          )
(aka "Michael Hitrinov")   )
                          )
  2303 Coney Island Avenue   )
  Brooklyn, New York,        )
                          )
  Defendants.             )

**CV11 - 1324**

**BLOCK, J.**

**BLOOM, M.J.**

## COMPLAINT
**(for breach of contract, unjust enrichment, fraud and deceit, promissory estoppel, detrimental reliance, negligence and gross negligence, and negligent misrepresentation)**

Now comes the plaintiff, OOO "Garant-S," by and through the undersigned counsel, and for its complaint against the defendants, Empire United Lines Co., Inc. and Michael Khitrinov (aka "Michael Hitrinov") states and alleges as follows:

### PARTIES

1.    The plaintiff, OOO "Garant-S" (hereinafter sometimes referred to as "Plaintiff" or "Garant-S") is a limited liability company organized under laws of the Russian Federation. The

principal place of business of Garant-S is located at 53/65 Vol'skaya Street, Suite I, Saratov, Saratovskaya Oblast', the Russian Federation 410056.

2.      On information and belief, defendant Empire United Lines Co., Inc. (hereinafter referred to as "Empire") is a corporation organized under the laws of the State of New York. On information and belief, the principal place of business of Empire is located at 2303 Coney Island Avenue in Kings County (Brooklyn), New York.

3.      Defendant Michael Khitrinov (hereinafter referred to as "Khitrinov") is an adult individual. On information and belief, Khitrinov regularly transacts business at 2303 Coney Island Avenue in Kings County (Brooklyn), New York.

4.      Empire and Khitrinov are hereinafter sometimes referred to as "the Defendants."

5.      On information and belief, Empire is 100 per cent owned and controlled by Khitrinov and is Khitrinov's *alter ego*.

6.      On information and belief, Empire is, or was at all relevant times, an ocean transportation intermediary operating as a non-vessel-operating common carrier (NVOCC), licensed and regulated by the United States Federal Maritime Commission.

JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(a).

BACKGROUND

9.      Garant-S regularly acquires motor vehicles at auctions in the United States of America for shipment to the Russian Federation, usually via Finland.

10.     Empire and Khitrinov are in the business of making transportation arrangements for shippers and transporting motor vehicles overseas.

2

11.     Empire and Khtirnov operate a storage facility in Elizabeth, New Jersey, where they store shippers' vehicles prior to shipment overseas.

12.     Garant-S has an established business relationship with Empire and Khitrinov. Since August 2008, Garant-S used the services of Empire and Khitrinov to store and transport its vehicles from the United States of America to Kotka, Finland.

13.     In late October 2010, Garant-S acquired two BMW vehicles at auctions in Ohio and Virginia.

14.     Garant-S promptly engaged Defendants to transport the two vehicles (as well as another vehicle) from the auctions to Kotka, Finland for compensation. Defendants agreed to provide those transportation services and arranged for the vehicles to be delivered from the auctions and received at their facility in Elizabeth, New Jersey.

15.     On or about November 4, 2010, the vehicles were delivered to Defendants' storage facility at 50 S. 1st Street, Elizabeth, New Jersey.

16.     Shortly after the vehicles were delivered, Plaintiff's agents called Empire to inquire about whether the vehicles had been received by Defendants. They were advised that there was no information. In fact, the vehicles had been received.

17.     On information and belief, early in the morning on November 8, 2010, the vehicles disappeared from Defendants' facility.

18.     On November 8, 2010, Plaintiff's agents called Empire. Empire's agents told Plaintiff that the two vehicles in question had not been delivered.

19.     Plaintiff's agents continued calling Empire. They were told the vehicles had not been seen and were advised to call Khitrinov.

3

20.     On November 11, 2010, Plaintiff was able to reach Khitrinov, who claimed he knew nothing about the cars and demanded evidence that the vehicles had been delivered to him.

21.     Finally, on or about November 12 and 15, Khitrinov and Empire stated that the vehicles were no longer in their possession and that police had been called on November 8.

22.     Plaintiff subsequently learned that Khitrinov was interviewed by the police on November 8, 2010, and that there was a police report.

23.     The vehicles were equipped with alarms and anti-theft devices which could have been used to locate the vehicles shortly after their "disappearance."

CLAIMS FOR RELIEF
FIRST CLAIM FOR RELIEF
BREACH OF CONTRACT

24.     Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 23 with the same effect as if fully set forth herein.

25.     The agreement between Plaintiff and the Defendants regarding the transportation of two BMW vehicles that belonged to Plaintiff to Kotka in Finland was a valid and binding contract.

26.     Plaintiff has performed all of its obligations under the contract that it was required to perform.

27.     The Defendants have committed material breaches of the contract by, *inter alia*,

(a)     failing to deliver the vehicles to the agreed destination;

(b)     failing to return the vehicles to Plaintiff;

(c)     failing to make proper transportation arrangements for Plaintiff's vehicles;

(d)     failing to issue proper and required documentation;

(e)     failing to properly and safely store Plaintiff's vehicles;

(f)     failing to make proper storage arrangements for Plaintiff's vehicles;

4

(g)     wrongfully taking, converting, and misappropriating Plaintiff's vehicles; or allowing or permitting others to wrongfully take, convert, and misappropriate Plaintiff's vehicles; or facilitating or aiding and abetting the wrongful taking, conversion, and misappropriation of Plaintiff's vehicles;

(h)     failing to take actions necessary to locate and return Plaintiff's vehicles;

(i)     making numerous and deliberate material misrepresentations of fact to Plaintiff;

(j)     frustrating efforts to locate and obtain return of Plaintiff's vehicles;

(k)     failing to aid efforts to locate and obtain return of Plaintiff's vehicles;

(l)     failing to exercise reasonable care in storing Plaintiff's vehicles;

(m)     otherwise failing to act fairly, honestly, and in good faith.

28.     In such actions, the Defendants confederated and conspired with the purpose, intent, and effect of harming Plaintiff.

29.     Each of the Defendants was an agent for the other and each aided and abetted the actions of the other, wherefore, the Defendants are jointly and severally liable to Plaintiff.

30.     As a result of such breach of contract by the Defendants, Plaintiff suffered damages and sustained losses.

## SECOND CLAIM FOR RELIEF
## WRONGFUL TAKING AND CONVERSION

31.     Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 30 with the same effect as if fully set forth herein.

32.     The Defendants intentionally and without right, proper authority, or entitlement took for their use, benefit, and enjoyment, and/or allowed others to intentionally and without right, proper authority, or entitlement take for their use, benefit, and enjoyment vehicles that rightfully belonged to Plaintiff.

33.     Plaintiff was the rightful owner of the vehicles and had an absolute and unconditional right to possession of the vehicles.

34.     In such actions, the Defendants confederated and conspired with the purpose, intent, and effect of harming Plaintiff.

35.     Each of the Defendants was an agent for the other and each aided and abetted the actions of the other, wherefore, the Defendants are jointly and severally liable to Plaintiff.

36.     As a result of such wrongful taking and conversion, Plaintiff suffered damages and sustained losses.

### THIRD CLAIM FOR RELIEF
### FRAUD AND DECEIT

37.     Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 36 with the same effect as if fully set forth herein.

38.     In November 2010, the Defendants promised and represented to Plaintiff

(a)     that they would make arrangements to transport and would transport Plaintiff's BMW vehicles to Kotka in Finland;

(b)     that they would make arrangements to safely store and maintain and would, in fact, safely store and maintain Plaintiff's vehicles in New Jersey prior to exportation from the United States of America;

(c)     that they would issue and provide all proper paperwork and all proper insurance with respect to Plaintiff's vehicles and their storage and transportation; and

(d)     that they would exercise due care in storing, maintaining, and transporting Plaintiff's vehicles.

39.     These promises and representations were false when made.

6

40.     The Defendants made these promises and representations intentionally in order to induce Plaintiff to allow Plaintiff's vehicles to be delivered to the Defendants' facilities and into the Defendant's custody and care and to engage the Defendants to provide transportation-related services.

41.     The Defendants expected that Plaintiff would rely on said promises and representations in making its decision to allow Plaintiff's vehicles to be delivered to the Defendants' facilities and into the Defendant's custody and care and to engage the Defendants to provide transportation-related services.

42.     Plaintiff did, in fact, reasonably rely on said promises and representations when it decided to allow Plaintiff's vehicles to be delivered to the Defendants' facilities and into the Defendant's custody and care and to engage the Defendants to provide transportation-related services.

43.     These promises and representations were material to Plaintiff's decision to allow Plaintiff's vehicles to be delivered to the Defendants' facilities and into the Defendant's custody and care and to engage the Defendants to provide transportation-related services.

44.     As a result of such fraud and deceit, Plaintiff suffered damages and sustained losses.

45.     In such actions, the Defendants confederated and conspired with the purpose, intent, and effect of harming Plaintiff.

46.     Each of the Defendants was an agent for the other and each aided and abetted the actions of the other, wherefore, the Defendants are jointly and severally liable to Plaintiff.

FOURTH CLAIM FOR RELIEF
FRAUD AND DECEIT

47.     Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 46 with the same effect as if fully set forth herein.

7

48.    In November 2010, the Defendants represented to Plaintiff

(a)    that Plaintiff's BMW vehicles had not been delivered to their facilities and into their care and custody; and

(b)    that the Defendants had no record of Plaintiff's BMW vehicles being delivered to and received at their facilities and into the Defendants's care and custody.

49.    These representations were false when made.

50.    The Defendants made these representations intentionally in order to delay efforts to locate the vehicles.

51.    The Defendants expected that Plaintiff would rely on said representations.

52.    Plaintiff did, in fact, reasonably rely on said representations and, as a result, critical time was lost.

53.    As a result of such fraud and deceit, Plaintiff suffered damages and sustained losses.

54.    In such actions, the Defendants confederated and conspired with the purpose, intent, and effect of harming Plaintiff.

55.    Each of the Defendants was an agent for the other and each aided and abetted the actions of the other, wherefore, the Defendants are jointly and severally liable to Plaintiff.

<h3 style="text-align:center">FIFTH CLAIM FOR RELIEF<br>NEGLIGENCE AND GROSS NEGLIGENCE</h3>

56.    Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 55 with the same effect as if fully set forth herein.

57.    The Defendants owed Plaintiff a duty to exercise at least reasonable care in storing and safeguarding Plaintiff's vehicles.

58.    The Defendants breached the duty of care they owed Plaintiff by failing to exercise at least reasonable care in storing and safeguarding Plaintiff's vehicles.

8

59.    As a direct and proximate result of such negligence, Plaintiff suffered damages and sustained losses.

60.    In such actions, the Defendants confederated and conspired with the purpose, intent, and effect of harming Plaintiff.

61.    The Defendants acted willfully, wantonly, and with reckless disregard for Plaintiff's rights and interests.

62.    Each of the Defendants was an agent for the other and each aided and abetted the actions of the other, wherefore, the Defendants are jointly and severally liable to Plaintiff.

SIXTH CLAIM FOR RELIEF
DETRIMENTAL RELIANCE

63.    Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 62 with the same effect as if fully set forth herein.

64.    In November 2010, the Defendants promises and represented to Plaintiff

(a)    that they would make arrangements to transport and would transport Plaintiff's BMW vehicles to Kotka in Finland;

(b)    that they would make arrangements to safely store and maintain and would, in fact, safely store and maintain Plaintiff's vehicles in New Jersey prior to exportation from the United States of America;

(c)    that they would issue and provide all proper paperwork and all proper insurance with respect to Plaintiff's vehicles and their storage and transportation; and

(d)    that they would exercise due care in storing, maintaining, and transporting Plaintiff's vehicles.

65.    In November 2010, the Defendants represented to Plaintiff

9

(a)     that Plaintiff's BMW vehicles had not been delivered to their facilities and into their care and custody; and

(b)     that the Defendants had no record of Plaintiff's BMW vehicles being delivered to and received at their facilities and into the Defendants' care and custody.

66.     These representations were false when made.

67.     The Defendants made these promises and representations intentionally in order to induce Plaintiff to allow Plaintiff's vehicles to be delivered to the Defendants' facilities and into the Defendant's custody and care and to engage the Defendants to provide transportation-related services, and in order to delay efforts to locate the vehicles.

68.     The Defendants expected that Plaintiff would rely on said promises and representations in making its decisions.

69.     Plaintiff did, in fact, reasonably rely on said promises and representations.

70.     These promises and representations were material to Plaintiff's decision-making.

71.     As a result of such reliance on the Defendants' representations, Plaintiff suffered damages and sustained losses.

72.     In such actions, the Defendants confederated and conspired with the purpose, intent, and effect of harming Plaintiff.

73.     Each of the Defendants was an agent for the other and each aided and abetted the actions of the other, wherefore, the Defendants are jointly and severally liable to Plaintiff.

SEVENTH CLAIM FOR RELIEF
PROMISSORY ESTOPPEL

74.     Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 73 with the same effect as if fully set forth herein.

75.     In November 2010, the Defendants promises and represented to Plaintiff

10

(a)     that they would make arrangements to transport and would transport Plaintiff's BMW vehicles to Kotka in Finland;

(b)     that they would make arrangements to safely store and maintain and would, in fact, safely store and maintain Plaintiff's vehicles in New Jersey prior to exportation from the United States of America;

(c)     that they would issue and provide all proper paperwork and all proper insurance with respect to Plaintiff's vehicles and their storage and transportation; and

(d)     that they would exercise due care in storing, maintaining, and transporting Plaintiff's vehicles.

76.     These representations were false when made.

77.     The Defendants made these promises and representations intentionally in order to induce Plaintiff to allow Plaintiff's vehicles to be delivered to the Defendants' facilities and into the Defendant's custody and care and to engage the Defendants to provide transportation-related services.

78.     The Defendants expected that Plaintiff would rely on said promises and representations in making its decision to allow Plaintiff's vehicles to be delivered to the Defendants' facilities and into the Defendant's custody and care and to engage the Defendants to provide transportation-related services.

79.     Plaintiff did, in fact, reasonably rely on said promises and representations when it decided to allow Plaintiff's vehicles to be delivered to the Defendants' facilities and into the Defendant's custody and care and to engage the Defendants to provide transportation-related services.

80.     These promises and representations were material to Plaintiff's decision to allow Plaintiff's vehicles to be delivered to the Defendants' facilities and into the Defendant's custody and care and to engage the Defendants to provide transportation-related services.

81.     As a result of such fraud and deceit, Plaintiff suffered damages and sustained losses.

82.     In such actions, the Defendants confederated and conspired with the purpose, intent, and effect of harming Plaintiff.

83.     Each of the Defendants was an agent for the other and each aided and abetted the actions of the other, wherefore, the Defendants are jointly and severally liable to Plaintiff.

### EIGHTH CLAIM FOR RELIEF
### NEGLIGENT MISREPRESENTATION

84.     Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 83 with the same effect as if fully set forth herein.

85.     The Defendants owed Plaintiff a duty not to make negligent misrepresentations of material fact.

86.     In November 2010, the Defendants represented to Plaintiff

(c)     that Plaintiff's BMW vehicles had not been delivered to their facilities; and

(d)     that the Defendants had no record of Plaintiff's BMW vehicles being delivered to and received at their facilities.

87.     These representations were false when made.

88.     The Defendants made these representations negligently.

89.     Plaintiff reasonably relied on said representations and, as a result, critical time was lost.

90.     As a result of negligent misrepresentation, Plaintiff suffered damages and sustained losses.

91.     In such actions, the Defendants confederated and conspired with the purpose, intent, and effect of harming Plaintiff.

92.     Each of the Defendants was an agent for the other and each aided and abetted the actions of the other, wherefore, the Defendants are jointly and severally liable to Plaintiff.

NINTH CLAIM FOR RELIEF
UNJUST ENRICHMENT

93.     Plaintiff reincorporates by reference and re-alleges the allegations of paragraphs 1 through 92 with the same effect as if fully set forth herein.

94.     The Defendants knowingly an deliberately took for their use, benefit, and enjoyment property that belonged to Plaintiff under such circumstances that it would be grossly unjust and inequitable for the Defendants to retain the benefit of such property without payment of its fair value to Plaintiff.

95.     The Defendants knew and appreciated the value of the property taken and benefited therefrom.

96.     As a result of such unjust enrichment, Plaintiff suffered damages and sustained losses.

97.     In such actions, the Defendants confederated and conspired with the purpose, intent, and effect of harming Plaintiff.

98.     Each of the Defendants was an agent for the other and each aided and abetted the actions of the other, wherefore, the Defendants are jointly and severally liable to Plaintiff.

PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally:

(1)     Declaring that the Defendants have committed the breaches and offenses complained of herein;

13

(2)     Awarding Plaintiff compensatory damages in the amount of not less than $80,000.00;

(3)     Awarding Plaintiff punitive damages in the amount of not less than $250,000.00;

(4)     Awarding Plaintiff pre-judgment and post-judgment interest, reasonable attorney's fees, and the costs and disbursements of this action;

(5)     Awarding Plaintiff such other and further relief as the Court deems just and proper and as the nature of this controversy may require.

### DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury of claims, issues, and defenses triable to a jury.

Respectfully submitted,

Kostyantyn Nesterov  Bar No. KN8081
11821 Parklawn Drive
Suite 206
Rockville, Maryland 20852
Telephone: (703) 400-1316
Kosta.nesterov@gmail.com

Dated: March 18, 2011