UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OOO "GARANT-S" )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>EMPIRE UNITED LINES CO., INC. et al. )<br>)<br>  Defendants. ) | Case No.: 11-CV-1324-FB-LB |

**JOINT PROPOSED DISCOVERY PLAN**

The plaintiff, OOO Garant-S (hereinafter referred to as "Plaintiff"), and the defendants, Empire United Lines Co. Inc., and Michael Khitrinov (hereinafter referred to as "Defendants"), by counsel, and pursuant to this Court's order of August 31st, 2011, propose the following plan for completion of discovery in the above captioned matter:

1. Counsel for the above named parties have conferred by telephone on September 30th, 2011, to consider the claims, the defenses, the possibilities of a prompt settlement, and to arrange for disclosures required by Rule 26(a)(1).

2. The parties agree to exchange the disclosures required by Fed. R. Civ. P. 26 (a)(1) by October 6, 2011.

3. Both Plaintiff and Defendants anticipate not needing to take more than 3 (three) non-party, non-expert witness depositions each, however, reserve the right to increase, in their discretion, the number of depositions to 10 (ten) each. The parties also do not anticipate needing to serve more than 30 (thirty) interrogatories, including parts and subparts.

4. The parties understand and agree that discovery must be completed by March 31, 2012.

5. The parties agree to preserve all electronic communications and information covered by Rule 26 of Federal Rules of Civil Procedure. The parties shall instruct any custodians of records not to destroy any pertinent electronic data.

6. The parties propose that should either party receive what appears to be attorney work product or privileged materials from the opposing party, the receiving party will contact the producing party as soon as reasonably possible to ascertain the character of the materials in question. Should the producing party demonstrate that the materials in question are attorney work product or privilege-protected, the receiving party shall return the materials to the producing party as soon as reasonably possible, but not later than 7 (seven) days after the written request, and may not copy or otherwise use any such materials in the instant or any other action. In accordance with Fed. R. Evid. 502, any inadvertent production of such privileged materials shall not be deemed a waiver of the attorney-client privilege and/or attorney work product doctrine.

Respectfully submitted,


_____/s/_____          _____/s/_____
Kostyantyn Nesterov  Bar No. KN8081         Jon Werner
11821 Parklawn Drive                        65 West 36th Street, 7th Floor
Suite 206                                   New York, New York 10018
Rockville, Maryland 20852                   (212) 594-2400
Telephone: (703) 400-1316
Kosta.Nesterov@gmail.com

2

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that on this 5th day of October 2011, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and served via CM/ECF upon:


Jon Werner
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400
jwerner@lyons-flood.com



_____/s/_____
Kostyantyn Nesterov