LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
EMPIRE UNITED LINES CO., INC. and MICHAEL KHITRINOV

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OOO "GARANT-S",<br><br>         Plaintiff,<br><br> -against-<br><br>EMPIRE UNITED LINES CO., INC. and MICHAEL KHITRINOV (aka "Michael Hitrinov"),<br><br>         Defendants. | **ECF CASE**<br><br>11 Civ. 1324 (FB) (LB)<br><br>**AFFIRMATION OF JON WERNER** |

Jon Werner, affirms the following under the penalties of perjury under 28 USC § 1746:

1. I am an associate with the law firm of Lyons & Flood, LLP, attorneys for defendants EMPIRE UNITED LINES CO., INC. ("EMPIRE") and MICHAEL KHITRINOV ("HITRINOV") in this action. I have personal knowledge of the facts contained herein and submit this Affirmation in support of the EMPIRE and HITRINOV's motion for an Order granting leave to file an Amended Answer with Counterclaims pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, granting leave to file a Third-Party Complaint pursuant to Rule 14(a) of the Federal Rules of Civil Procedure against non-parties Garant-S, Inc., Dmitri Lanchinskiy, Alexey Ivkin, and Igor V. Yurkin, and for such other and further relief as the Court may deem just and proper.

2. On March 18, 2011, plaintiff OOO "GARANT-S" commenced this action by filing a Complaint against the defendants. A copy of the plaintiff's Complaint is annexed hereto as Exhibit "A."

3. In the Complaint plaintiff asserted at least nine "claims for relief" against the defendants with labels including: breach of contract, wrongful taking and conversion, fraud and deceit, fraud and deceit, negligence and gross negligence, detrimental reliance, promissory estoppel, negligent misrepresentation, and unjust enrichment. Plaintiff's claims all stem from the theft of two vehicles which it had allegedly booked for shipment by defendant EMPIRE, but which were stolen from a storage facility in Elizabeth, New Jersey before they could be loaded aboard a vessel for ocean carriage.

4. On August 11, 2011, defendants joined issue by filing an Answer, a copy of which is annexed hereto as Exhibit "B."

5. On October 13, 2011, an initial court conference was held, resulting in a case management plan calling for all discovery to be completed by February 15, 2012, with the parties writing to Judge Block by February 29, 2012, to request a pre-motion conference in case any dispositive motions were anticipated.

6. During the initial court conference, the undersigned advised the Court of the defendants' intention to move for partial summary judgment to raise as a defense a contractual provision that limited liability to the plaintiff to $500 per vehicle. Plaintiff's counsel advised that plaintiff wished to take discovery of the defendants.

7. In late December 2011 / early January 2012, plaintiff served first and second requests for production of documents on the defendants, along with a first set of interrogatories directed to defendant EMPIRE.

8. It was the defendants' position that the majority of the requests were objectionable, due to their overbroad and cumulative nature, and due to the burden they imposed relative to the likely benefit in this case.

9. In any event, however, due to a combination of defendant HITRINOV's work schedule, intervening holidays, and poor health, the defendants were unable to marshal the materials and information requested by the plaintiff in the timeframe accorded by the Federal Rules of Civil Procedure. Thus, two extensions of time to respond to the plaintiff's discovery requests were sought and granted, and concomitant extensions of the discovery deadline in this case were also sought.

10. Thus, on January 24, 2012, the undersigned moved to extend the discovery deadline to March 15, 2012, and to extend the deadline for requesting a pre-motion conference with respect to dispositive motions to March 29, 2012, which motion was granted on January 25, 2012.

11. On February 29, 2012, the undersigned again moved to extend the discovery deadline to April 15, 2012, which motion was granted on March 2, 2012.

12. In order to preserve the defendants' right to move for partial summary judgment following the close of discovery with respect to the limitation of liability provision in the governing contract of carriage, the undersigned wrote to the Court on March 9, 2012, to request a pre-motion conference be scheduled following the close of discovery.

13. On March 16, 2012, unable to obtain a further extension of time from plaintiff, defendants served responses to plaintiff's discovery demands, at the same time writing to the Court to request that a pre-motion conference be scheduled with respect to the discovery dispute posed by plaintiff's discovery demands.

14. On March 19, 2012, the Court directed plaintiff to respond to the defendants' request for a pre-motion conference by March 21, 2012, and scheduled a conference to address the parties' discovery dispute for April 5, 2012.

15. On March 22, 2012, plaintiff responded to defendants' request for a pre-motion conference, making a counter-request for the Court to compel defendants to provide the requested discovery materials.

16. On March 29, 2012, the Court granted the defendants' request for a pre-motion conference relating to their intended motion for partial summary judgment, scheduling a conference for June 1, 2012.

17. At the hearing on April 5, 2012, the Court found that defendants did not have a good faith basis for objecting to many of plaintiff's discovery requests, and accordingly, granted plaintiff's motion to compel discovery. At the same time, the Court found that many of plaintiff's requests were not well drawn. The Court directed defendants to supplement their discovery responses by April 23, 2012. The Court further directed the parties to conduct depositions of HITRINOV and a Rule 30(b)(6) representative of plaintiff by the first week of May 2012, and extended fact discovery in this matter to May 11, 2012.

18. Defendants are now preparing supplemental responses to the plaintiff's discovery demands. In the process of preparing responses to the plaintiff's discovery demands, defendants have uncovered information suggesting the potential involvement of Plaintiff and/or non-parties Garant-S, Inc., Dmitri Lanchinskiy, Alexey Ivkin, and Igor V. Yurkin with the underlying theft of the vehicles.

19. Defendants now seek to amend their Answer to include counterclaims against the plaintiffs with respect to its conduct in this case and in the underlying transaction. A copy of defendants' proposed Amended Answer with Counterclaims is annexed hereto as Exhibit "C."

20. The last day for discovery in this matter is presently May 11, 2012, no depositions have been taken as yet, and no trial date has been set.

The foregoing is true and correct to the best of my knowledge under the penalties of perjury under 28 USC § 1746.

Executed on: April 11, 2012

_____
Jon Werner

U:\FLOODDOC\2697001\Motions\AFF-JW-amend.doc

**CERTIFICATE OF SERVICE**

Jon Werner, an attorney duly admitted to practice before this Honorable Court, affirms on this 11th day of April 2012, that he served true copies of the foregoing, via email and by U.S. Mail, first-class postage pre-paid to:

>Law Office of Dmitry A. Chernov
>11821 Parklawn Drive, Suite 206
>Rockville, MD 20852
>
>Attn: Kostyantyn Nesterov, Esq.
>**kosta.nesterov@gmail.com**
>
>Dmitry A. Chernov, Esq.
>**dchernov@aol.com**

_____
Jon Werner

U:\FLOODDOC\2697001\Motions\AFF-JW-amend.doc