# EXHIBIT B

LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
EMPIRE UNITED LINES CO., INC. and MICHAEL KHITRINOV

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OOO "GARANT-S",<br><br>                      Plaintiff,<br><br>  -against-<br><br>EMPIRE UNITED LINES CO., INC. and MICHAEL KHITRINOV (aka "Michael Hitrinov"),<br><br>                      Defendants. | **ECF CASE**<br><br>11 Civ. 1324 (FB) (LB)<br><br>**ANSWER TO COMPLAINT** |

Defendant EMPIRE UNITED LINES CO., INC. ("Empire") and MICHAEL KHITRINOV ("Khitrinov"), by their attorneys, LYONS & FLOOD, LLP, for their Answer to Plaintiff's Complaint, allege upon information and belief as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Admit the allegations contained in paragraph 2 of the Complaint.

3. Admit that defendant Khitrinov is an adult individual, but except as so specifically admitted herein, deny the remaining allegations of paragraph 3 of the Complaint

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Deny the allegations contained in paragraph 5 of the Complaint.

6. Admit the allegations contained in paragraph 6 of the Complaint.

7. Deny the allegations contained in paragraphs 7 through 8 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

9. Admit that defendant Empire is an ocean transportation intermediary operating as a non-vessel operation common carrier, but except as so specifically admitted herein, deny the remaining allegations of paragraph 10 of the Complaint.

10. Deny the allegations contained in paragraphs 11 through 12 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

12. Deny the allegations contained in paragraph 14 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 15 through 23 of the Complaint.

**AS AND FOR PLAINTIFF'S FIRST CLAIM**

14. Repeat and reallege each and every response to the allegations contained in paragraphs 1 through 23 of the Complaint as if set forth at length herein.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 25 through 26 of the Complaint.

16. Deny the allegations contained in paragraphs 27 through 30 of the Complaint.

**AS AND FOR PLAINTIFF'S SECOND CLAIM**

17. Repeat and reallege each and every response to the allegations contained in paragraphs 1 through 30 of the Complaint as if set forth at length herein.

18. Deny the allegations contained in paragraph 32 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

20. Deny the allegations contained in paragraphs 34 through 36 of the Complaint.

### AS AND FOR PLAINTIFF'S THIRD CLAIM

21. Repeat and reallege each and every response to the allegations contained in paragraphs 1 through 36 of the Complaint as if set forth at length herein.

22. Deny the allegations contained in paragraphs 38 through 46 of the Complaint.

### AS AND FOR PLAINTIFF'S FOURTH CLAIM

23. Repeat and reallege each and every response to the allegations contained in paragraphs 1 through 46 of the Complaint as if set forth at length herein.

24. Deny the allegations contained in paragraphs 48 through 55 of the Complaint.

### AS AND FOR PLAINTIFF'S FIFTH CLAIM

25. Repeat and reallege each and every response to the allegations contained in paragraphs 1 through 55 of the Complaint as if set forth at length herein.

26. Deny the allegations contained in paragraphs 57 through 62 of the Complaint.

### AS AND FOR PLAINTIFF'S SIXTH CLAIM

27. Repeat and reallege each and every response to the allegations contained in paragraphs 1 through 62 of the Complaint as if set forth at length herein.

28. Deny the allegations contained in paragraphs 64 through 73 of the Complaint.

### AS AND FOR PLAINTIFF'S SEVENTH CLAIM

29. Repeat and reallege each and every response to the allegations contained in paragraphs 1 through 73 of the Complaint as if set forth at length herein.

30. Deny the allegations contained in paragraphs 75 through 83 of the Complaint.

## AS AND FOR PLAINTIFF'S EIGHTH CLAIM

31. Repeat and reallege each and every response to the allegations contained in paragraphs 1 through 83 of the Complaint as if set forth at length herein.

32. Deny the allegations contained in paragraphs 85 through 92 of the Complaint.

## AS AND FOR PLAINTIFF'S NINTH CLAIM

33. Repeat and reallege each and every response to the allegations contained in paragraphs 1 through 92 of the Complaint as if set forth at length herein.

34. Deny the allegations contained in paragraphs 94 through 98 of the Complaint.

35. Deny Plaintiff's prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

36. The Complaint fails to state a cause of action upon which relief can be granted against defendants.

## SECOND AFFIRMATIVE DEFENSE

37. The damages complained of were caused in whole or part by the culpable conduct of others for whom the defendants have no legal responsibility.

## THIRD AFFIRMATIVE DEFENSE

38. Plaintiff is not a real party in interest and has no standing to maintain this action.

## FOURTH AFFIRMATIVE DEFENSE

39. Plaintiff has failed to add an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure and, therefore, the action should be dismissed.

## FIFTH AFFIRMATIVE DEFENSE

40. The cargo which is the subject of this suit was carried pursuant to the terms and conditions of certain bills of lading, and tariffs by which the shipper, owner, consignee, and

holder of said bills of lading agreed to be bound, and was also subject to the Carriage of Goods by Sea Act, 46 U.S.C. § 30701, et seq., and/or the Harter Act, 46 U.S.C. § 30701, et seq., and defendant Empire claims the benefits of all rights, immunities, exonerations, and limitations contained therein, as does defendant Khitrinov, in the event that defendant Khitrinov is deemed to be a "carrier" in this suit.

## SIXTH AFFIRMATIVE DEFENSE

41. Plaintiff has failed to reasonably mitigate its alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

42. There is no privity of contract between defendant Khitrinov and plaintiff, and is not a proper defendant for plaintiff's causes of action.

## EIGHTH AFFIRMATIVE DEFENSE

43. The amount in controversy does not exceed $75,000 and thus, there is no basis for diversity jurisdiction.

## NINTH AFFIRMATIVE DEFENSE

44. The Complaint fails to plead the elements of fraud with sufficient particularity.

WHEREFORE, defendants pray:

a. that plaintiff's prayer for relief be denied;

b. that judgment be entered in favor of defendants against plaintiff, dismissing the Complaint herein with costs and disbursements of this action; and

c. that judgment be entered in favor of defendants for such other and further relief as the Court deems just and proper.

Dated: August 11, 2011
      New York, New York

                             LYONS & FLOOD, LLP
                             Attorneys for Defendants
                             EMPIRE UNITED LINES CO., INC. and
                             MICHAEL KHITRINOV

By:   _____
       Jon Werner
       65 West 36th Street, 7th Floor
       New York, New York 10018
       (212) 594-2400

U:\FLOODDOC\2697001\Legal\Answer.doc

# **CERTIFICATE OF SERVICE**

Jon Werner, an attorney duly admitted to practice before this Honorable Court, affirms on this 11th day of August 2011, he served true copies of the foregoing, via CM/ECF and by U.S. Mail, first-class postage pre-paid to:

>Law Office of Dmitry A. Chernov
>11821 Parklawn Drive, Suite 206
>Rockville, MD 20852
>
>Attn:   Kostyantyn Nesterov, Esq.

_____
Jon Werner

U:\FLOODDOC\2697001\Legal\Answer.doc