# EXHIBIT C

LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendants
EMPIRE UNITED LINES CO., INC. and MICHAEL KHITRINOV

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OOO "GARANT-S",<br><br>                 Plaintiff,<br><br> -against-<br><br>EMPIRE UNITED LINES CO., INC. and MICHAEL KHITRINOV (aka "Michael Hitrinov"),<br><br>                 Defendants. | **ECF CASE**<br><br>11 Civ. 1324 (FB) (LB)<br><br>**AMENDED ANSWER TO COMPLAINT WITH COUNTERCLAIMS** |

Defendant EMPIRE UNITED LINES CO., INC. ("EMPIRE") and MICHAEL KHITRINOV ("HITRINOV"), by their attorneys, LYONS & FLOOD, LLP, for their Amended Answer with Counterclaims to Plaintiff's Complaint, allege upon information and belief as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Admit the allegations contained in paragraph 2 of the Complaint.

3. Admit that defendant HITRINOV is an adult individual, but except as so specifically admitted herein, deny the remaining allegations of paragraph 3 of the Complaint

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Deny the allegations contained in paragraph 5 of the Complaint.

6. Admit the allegations contained in paragraph 6 of the Complaint.

7. Deny the allegations contained in paragraphs 7 through 8 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

9. Admit that defendant EMPIRE is an ocean transportation intermediary operating as a non-vessel operation common carrier, but except as so specifically admitted herein, deny the remaining allegations of paragraph 10 of the Complaint.

10. Deny the allegations contained in paragraphs 11 through 12 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

12. Deny the allegations contained in paragraph 14 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 15 through 23 of the Complaint.

## AS AND FOR PLAINTIFF'S FIRST CLAIM

14. Repeat and reallege each and every response to the allegations contained in paragraphs 1 through 23 of the Complaint as if set forth at length herein.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 25 through 26 of the Complaint.

16. Deny the allegations contained in paragraphs 27 through 30 of the Complaint.

## AS AND FOR PLAINTIFF'S SECOND CLAIM

17. Repeat and reallege each and every response to the allegations contained in paragraphs 1 through 30 of the Complaint as if set forth at length herein.

18. Deny the allegations contained in paragraph 32 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

20. Deny the allegations contained in paragraphs 34 through 36 of the Complaint.

## AS AND FOR PLAINTIFF'S THIRD CLAIM

21. Repeat and reallege each and every response to the allegations contained in paragraphs 1 through 36 of the Complaint as if set forth at length herein.

22. Deny the allegations contained in paragraphs 38 through 46 of the Complaint.

## AS AND FOR PLAINTIFF'S FOURTH CLAIM

23. Repeat and reallege each and every response to the allegations contained in paragraphs 1 through 46 of the Complaint as if set forth at length herein.

24. Deny the allegations contained in paragraphs 48 through 55 of the Complaint.

## AS AND FOR PLAINTIFF'S FIFTH CLAIM

25. Repeat and reallege each and every response to the allegations contained in paragraphs 1 through 55 of the Complaint as if set forth at length herein.

26. Deny the allegations contained in paragraphs 57 through 62 of the Complaint.

## AS AND FOR PLAINTIFF'S SIXTH CLAIM

27. Repeat and reallege each and every response to the allegations contained in paragraphs 1 through 62 of the Complaint as if set forth at length herein.

28. Deny the allegations contained in paragraphs 64 through 73 of the Complaint.

## AS AND FOR PLAINTIFF'S SEVENTH CLAIM

29. Repeat and reallege each and every response to the allegations contained in paragraphs 1 through 73 of the Complaint as if set forth at length herein.

30. Deny the allegations contained in paragraphs 75 through 83 of the Complaint.

## AS AND FOR PLAINTIFF'S EIGHTH CLAIM

31. Repeat and reallege each and every response to the allegations contained in paragraphs 1 through 83 of the Complaint as if set forth at length herein.

32. Deny the allegations contained in paragraphs 85 through 92 of the Complaint.

## AS AND FOR PLAINTIFF'S NINTH CLAIM

33. Repeat and reallege each and every response to the allegations contained in paragraphs 1 through 92 of the Complaint as if set forth at length herein.

34. Deny the allegations contained in paragraphs 94 through 98 of the Complaint.

35. Deny Plaintiff's prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

36. The Complaint fails to state a cause of action upon which relief can be granted against defendants.

## SECOND AFFIRMATIVE DEFENSE

37. The damages complained of were caused in whole or part by the culpable conduct of others for whom the defendants have no legal responsibility.

## THIRD AFFIRMATIVE DEFENSE

38. Plaintiff is not a real party in interest and has no standing to maintain this action.

## FOURTH AFFIRMATIVE DEFENSE

39. Plaintiff has failed to add an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure and, therefore, the action should be dismissed.

## FIFTH AFFIRMATIVE DEFENSE

40. The cargo which is the subject of this suit was carried pursuant to the terms and conditions of certain bills of lading, and tariffs by which the shipper, owner, consignee, and

holder of said bills of lading agreed to be bound, and was also subject to the Carriage of Goods by Sea Act, 46 U.S.C. § 30701, et seq., and/or the Harter Act, 46 U.S.C. § 30701, et seq., and defendant EMPIRE claims the benefits of all rights, immunities, exonerations, and limitations contained therein, as does defendant HITRINOV, in the event that defendant HITRINOV is deemed to be a "carrier" in this suit.

## SIXTH AFFIRMATIVE DEFENSE

41. Plaintiff has failed to reasonably mitigate its alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

42. There is no privity of contract between defendant HITRINOV and plaintiff, and is not a proper defendant for plaintiff's causes of action.

## EIGHTH AFFIRMATIVE DEFENSE

43. The amount in controversy does not exceed $75,000 and thus, there is no basis for diversity jurisdiction.

## NINTH AFFIRMATIVE DEFENSE

44. The Complaint fails to plead the elements of fraud with sufficient particularity.

## AS AND FOR A FIRST COUNTERCLAIM

45. Defendants repeat and reallege paragraphs 1 through 44 above as if set forth herein at length.

46. Dmitri Lanchinskiy registered a company called Garant-S, Inc. on October 20, 2008, in the Commonwealth of Virginia, and lists himself as an officer and director of that company, as well as its registered agent.

47. Alexey Ivkin is a partner of Dmitri Lanchinskiy and an officer of Garant-S, Inc.

48. Plaintiff is a mere shell corporation which reports no assets or tax liabilities and exists as an alter ego of other entities or individuals, including perhaps Dmitri Lanchinskiy, Alexey Ivkin, Igor V. Yurkin and/or Garant-S, Inc.

49. Dmitri Lanchinskiy, Alexey Ivkin, Igor V. Yurkin and/or Garant-S, Inc. use plaintiff's name and license to purchase used automobiles at auctions in the United States for resale overseas to end customers.

50. The funding for such transactions comes from other entities, and plaintiff merely permits its name and license to be used in order to shield these other entities from tax liability for such transactions.

51. On or about October 2010, defendant EMPIRE accepted a booking to arrange the transportation by ocean carriage of two vehicles bearing VIN 5UXFE43527L015231 and 5UXFE43587LED4892 (the "Vehicles").

52. Although plaintiff claims to be the owner of the Vehicles, in fact it is not the true owner.

53. The parties which suffered the loss due to the theft of the Vehicles are the end customers who were promised delivery of the Vehicles overseas.

54. Plaintiff does not represents the interests of such end customers.

55. Following the theft of the Vehicles, Dmitri Lanchinskiy and Alexey Ivkin contacted defendant HITRINOV and advised him that they knew where the Vehicles were and that it would be better to pay some money to them than to go to court.

56. The implication presented by this proposal, which was rejected by the defendants, is that Dmitri Lanchinskiy, Alexey Ivkin, Igor V. Yurkin and/or Garant-S, Inc. may have been

involved in arranging for the theft of the Vehicles, as evidenced by the stated knowledge of the location of the Vehicles.

57. Dmitri Lanchinskiy and Alexey Ivkin further proposed that the defendants fraudulently backdate insurance certificates so that they could obtain the benefit of cargo insurance coverage for which they had neither applied nor paid.

58. It was only after these proposals were rejected by the defendants, that the plaintiff commenced the instant lawsuit seeking recovery for the "theft" of the Vehicles.

59. Despite having not suffered any actual loss with respect to the Vehicles, plaintiff by the instant action is seeking to recover from the defendants, with no intention to settle with or otherwise compensate its end customers, the true owners of the Vehicles.

60. Plaintiff is using its corporate form to shield itself from discovery of its lack of interest in the Vehicles because it has no employees, assets, documents, or information which may be used to verify the lack of interest in the Vehicles.

61. Plaintiff has knowingly and falsely misrepresented that it has suffered a loss due to the alleged theft of the Vehicles.

62. Defendants have justifiably relied on the misrepresentation of plaintiff, and thus, due to plaintiff's fraud and deceit, have thereby suffered injury in the form of attorneys' fees and costs, reputational damage, and other losses, in the collective amount of $1,000,000 as nearly as can now be calculated, exclusive of interest and costs.

**AS AND FOR A SECOND COUNTERCLAIM**

63. Defendants repeat and reallege paragraphs 1 through 62 above as if set forth herein at length.

64. Plaintiff issued process in this action, with an intent to do harm without excuse or justification, and to obtain a collateral objective of harassing the defendants and subjecting them to the imposition of legal costs, by commencing the instant suit.

65. Such abuse of process on the part of plaintiff has caused the defendants to incur damages for which they are entitled to recovery, which damages are in the amount of $500,000 as nearly as can now be calculated, exclusive of interest and costs.

## AS AND FOR A THIRD COUNTERCLAIM

66. Defendants repeat and reallege paragraphs 1 through 65 above as if set forth herein at length.

67. Plaintiff, through the commencement of this action, its prosecution, and its publication, has defamed the defendants.

68. Plaintiff's complaint contains libelous statements including statements that the defendants "confederated and conspired with the purpose, intent, and effect of harming Plaintiff" and statements accusing the defendants of wrongful taking and conversion, fraud and deceit, fraud and deceit, and of being grossly negligent, among other things.

69. These statements in plaintiff's complaint are libelous per se, in that they tend to expose the defendants to hatred, contempt or aversion, and impugn the basic integrity and/or creditworthiness of the defendants' business.

70. Through such libel the defendants have suffered injury to their reputation, for which defendants are entitled to recovery, which damages are in the amount of $320,000 as nearly as can now be calculated, exclusive of interest and costs.

71. Plaintiff's actions in commencing the instant lawsuit were willful, wanton, or malicious.

72. Thus, defendants are entitled to recovery of punitive damages in the form of its attorneys' fees and costs.

WHEREFORE, defendants pray:

    a.    that plaintiff's prayer for relief be denied;

    b.    that judgment be entered in favor of defendants against plaintiff, dismissing the Complaint herein with costs and disbursements of this action;

    c.    that judgment be entered in favor of defendants' counterclaims against plaintiff; and

    c.    that judgment be entered in favor of defendants for such other and further relief as the Court deems just and proper.

Dated: April ___, 2012
       New York, New York

                      LYONS & FLOOD, LLP
                      Attorneys for Defendants
                      EMPIRE UNITED LINES CO., INC. and
                      MICHAEL KHITRINOV

By: _____
Jon Werner
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

U:\FLOODDOC\2697001\Motions\Amended Answer.doc

# CERTIFICATE OF SERVICE

Jon Werner, an attorney duly admitted to practice before this Honorable Court, affirms on this \_\_\_\_ day of April 2012, that he served true copies of the foregoing, via email and by U.S. Mail, first-class postage pre-paid to:

>Law Office of Dmitry A. Chernov
>11821 Parklawn Drive, Suite 206
>Rockville, MD 20852
>
>Attn:   Kostyantyn Nesterov, Esq.
>          **kosta.nesterov@gmail.com**
>
>          Dmitry A. Chernov, Esq.
>          **dchernov@aol.com**

_____
Jon Werner

U:\FLOODDOC\2697001\Motions\Amended Answer.doc