UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OOO "GARANT-S",

                       Plaintiff,

   -against-

EMPIRE UNITED LINES CO., INC. and
MICHAEL KHITRINOV (aka "Michael
Hitrinov"),

                       Defendants.

**ECF CASE**

11 Civ. 1324 (FB) (LB)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
LEAVE TO FILE AMENDED ANSWER WITH COUNTERCLAIMS
AND FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT**

                       **Lyons & Flood, LLP**
                       Attorneys for Defendants
                       65 West 36th Street, 7th Floor
                       New York, NY 10018
                       (212) 594-2400
                       (212) 594-4589 (fax)

# PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted in support of defendants EMPIRE UNITED LINES CO., INC.'s ("EMPIRE") and MICHAEL KHITRINOV's ("HITRINOV") motion for an Order granting leave to file an Amended Answer with Counterclaims pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, granting leave to file a Third-Party Complaint pursuant to Rule 14(a) of the Federal Rules of Civil Procedure against non-parties Garant-S, Inc., Dmitri Lanchinskiy, Alexey Ivkin, and Igor V. Yurkin. The facts supporting this motion are set forth in the accompanying Affirmation of Jon Werner dated April 11, 2012 ("Werner Aff."), to which the Court is respectfully referred.

# FACTS

On March 18, 2011, plaintiff OOO "GARANT-S" commenced this action by filing a Complaint against the defendants. Werner Aff. at Exhibit A.

In the Complaint plaintiff asserted at least nine "claims for relief" against the defendants with labels including: breach of contract, wrongful taking and conversion, fraud and deceit, fraud and deceit, negligence and gross negligence, detrimental reliance, promissory estoppel, negligent misrepresentation, and unjust enrichment. Plaintiff's claims all stem from the theft of two vehicles which it had allegedly booked for shipment by defendant EMPIRE, but which were stolen from a storage facility in Elizabeth, New Jersey before they could be loaded aboard a vessel for ocean carriage.

On August 11, 2011, defendants joined issue by filing an Answer. Werner Aff. at Exhibit B. Paper discovery is now ongoing, and depositions are in the process of being scheduled to take place in late April or early May.

Defendants now, prior to the commencement of depositions, seek to amend their Answer to include counterclaims against plaintiff with respect to its conduct in this case as well as the underlying transaction. See Werner Aff. at Exhibit C.

Defendants further seek leave to file a Third-Party Complaint against non-parties Garant-S, Inc., Dmitri Lanchinskiy, Alexey Ivkin, and Igor V. Yurkin, adding them as third-party defendants to the action.

## ARGUMENT

## POINT I

## DEFENDANTS SHOULD BE GRANTED LEAVE TO AMEND

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides in pertinent part that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The United States Supreme Court and the Second Circuit have held that a party should be granted leave to replead, absent a showing of undue delay, bad faith, or dilatory motives on the part of the movant, undue prejudice to the opposing party, or the futility of the amendment. *See*, *e.g.*, *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222, 226 (1962) (noting that the mandate to give leave freely "is to be heeded."); *Min Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002); *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."); *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (noting that "it is rare that such leave should be denied.")

Defendants respectfully submit that filing an Amended Answer would not cause plaintiff to suffer any undue prejudice since, to date, no depositions have been conducted. Thus, since the litigation is still in the relatively early stages, no undue delay will result.

For the foregoing reasons, defendants respectfully request permission to file the Amended Answer with Counterclaims and submit that granting such leave would best promote judicial economy and the interests of justice.

## POINT II

## IMPLEADER IS PROPER UNDER FED. R. CIV. P. 14

Rule 14(a) of the Federal Rules of Civil Procedure permits a defendant to implead a third party "who is or may be liable to the [defendant] for all or part of the plaintiff's claim against the [defendant]." Rule 14 further provides that unless impleader is accomplished within ten days after service of its answer, the party seeking impleader must obtain leave on motion upon notice to all parties to the action. Hence, defendants have filed the within motion to obtain leave to implead non-parties Garant-S, Inc., Dmitri Lanchinskiy, Alexey Ivkin, and Igor V. Yurkin as third-party defendants in this action.

The decision whether to permit a defendant to implead a third-party defendant rests in the trial court's sound discretion. *See*, *e.g.*, *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir. 2000); *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984).

The Second Circuit has held that Rule 14(a) requires "that the impleader action must be dependent on, or derivative of, the main ... claim." *Bank of India*, *supra*, 239 F.3d at 437-38. Here, there can be no dispute that the indemnity and other claims defendants seek to bring against non-parties Garant-S, Inc., Dmitri Lanchinskiy, Alexey Ivkin, and Igor V. Yurkin arise

from the same common nucleus of operative facts as found in plaintiff's Complaint against defendants, since all of the claims revolve around the same alleged theft of the two automobiles.

Furthermore, since defendants' third-party claims fall under the ancillary jurisdiction of this Court, there is no need to establish an independent basis for subject matter jurisdiction. *Baylis v. Marriott Corp.*, 843 F.2d 658, 663 (2d Cir. 1988). In any event, however, diversity jurisdiction may be exercised over the proposed third-party claims, since EMPIRE is a New York corporation with its principal place of business in New York, HITRINOV is an individual residing in New York, and all of the proposed third-party defendants are either individuals residing outside of New York or foreign corporations with their principal place of business outside New York, and the amount in controversy exceeds $75,000. *See* 28 USC § 1332.

Thus, the proposed impleader is procedurally proper.

The factors to be considered in determining whether to grant leave to implead a third-party defendant are: (i) whether the movant deliberately delayed or was derelict in filing the motion; (ii) whether impleading would unduly delay or complicate the trial; (iii) whether impleading would prejudice the third-party defendant; and (iv) whether the third-party complaint states a claim upon which relief can be granted. *See, e.g.*, *Too, Inc. v. Kohl's Dep't Stores, Inc.*, 213 F.R.D. 138, 140 (S.D.N.Y. 2003); *Fashion-In-Prints, Inc. v. Salon, Marrow & Dyckman, L.L.P.*, 1999 U.S. Dist. LEXIS 10617 (S.D.N.Y. 1999); *Middle Mkt. Fin. Corp. v. D'Orazio*, 1998 U.S. Dist. LEXIS 19527 (S.D.N.Y. 1998).

Defendants' proposed impleader is timely since the impetus to file a third-party complaint against non-parties Garant-S, Inc., Dmitri Lanchinskiy, Alexey Ivkin, and Igor V. Yurkin only arose out of recently discovered information. To wit; the information uncovered during investigation by the defendants that Mr. Lanchinskiy and Mr. Ivkin (who together are

believed to control Garant-S, Inc.) may have themselves been involved in the underlying theft of the vehicles at issue, and may have further been involved in an insurance fraud scheme organized by plaintiff and/or Mr. Yurkin.

In any event, untimeliness is not an absolute bar to impleader. *See, e.g., Too, Inc.*, *supra*, 213 F.R.D. at 142 ("Given the interest in judicial economy and the other factors discussed above, the untimeliness should not prevent the filing of the third-party complaint for contribution" where although discovery was completed, "a trial date has not yet been set, and any additional discovery could still likely be completed in advance of any trial date set by the Court"); *Rodolico v. Unisys Corp.*, 189 F.R.D. 245, 253 (S.D.N.Y. 1999) (finding that third-party defendants had knowledge of the case and the plaintiff's claims, that a date for a trial had not been set, and that trial would involve the same set of facts were persuasive in finding no undue delay even though impleader was sought *three years* after original action was commenced).

In *Rodolico*, although the plaintiffs objected to impleader on the grounds that it was untimely (over three years after the original action had commenced), the court held that since the impleading defendant established that the delay was caused by newly discovered evidence, the defendant should be permitted to file a third-party complaint. *Rodolico*, 189 F.R.D. 245, 253-254. The *Rodolico* court further based its decision on finding there was no prejudice to the incoming third-party defendant because they had participated in discovery; had had knowledge of the case and the plaintiffs' claims; discovery had not yet been completed; a date for trial had not yet been set; and that the filing of a third-party complaint would not unduly delay or complicate the trial as the claims against the third-party defendant would essentially involve the same set of facts and legal issues. *Id.*

Similarly, here, the proposed impleader would not unduly delay or complicate trial. Discovery is on-going with documents being produced and non-party witnesses being subpoenaed. No depositions have yet been taken and no trial date has been scheduled. Since the same issues present in the main action would be present in the third-party action, impleader would not unduly complicate trial. Furthermore, the proposed third-party defendants have had knowledge of this case from the outset, since Mr. Lanchinskiy, Mr. Ivkin, and Mr. Yurkin were listed in plaintiff's initial disclosures, and plaintiff's counsel intends to produce Mr. Lanchinskiy at the upcoming deposition of plaintiff's Rule 30(b)(6) representative.

Furthermore, the third-party action would state a claim upon which relief could be granted. Defendants contend that the proposed third-party defendants may have been involved in, or directly responsible for the thefts of the vehicles for which plaintiff seeks a recovery in this action. Thus, the proposed third-party defendants may be liable to the defendants for all or part of any recovery the plaintiff obtains in the main action.

Finally, permitting defendants to implead the proposed third-party defendants would best promote judicial economy and the ends of justice, since defendants could in any event commence a separate lawsuit against the non-parties sought to be impleaded. *See*, *e.g.*, *Old Republic Ins. Co. v. Concast, Inc.*, 99 F.R.D. 566, 568 (S.D.N.Y. 1983) (holding that the policy behind Rule 14 "is to facilitate judicial economy by avoiding multiple and circuitous suits" and that policy "should not be defeated by a narrow or technical interpretation of the Rule's requirements.")

Thus, defendants respectfully request that this Court grant their motion for leave to file a Third-Party Complaint pursuant to Rule 14(a) against non-parties Garant-S, Inc., Dmitri Lanchinskiy, Alexey Ivkin and Igor V. Yurkin, and for such other and further relief as the Court sees

fit.

## CONCLUSION

Thus, defendants respectfully request that this Court grant their motion for leave to file an Amended Answer with Counterclaims, grant their motion for leave to file a third-party complaint pursuant to Rule 14, and grant such other and further relief as the Court sees fit.

Dated: New York, New York
April 11, 2012

                                        LYONS & FLOOD, LLP
                                        Attorneys for Defendants
                                        EMPIRE UNITED LINES CO., INC. and
                                        MICHAEL KHITRINOV

                     By: _____
                                Jon Werner, Esq.
                                65 West 36th Street, 7th Floor
                                New York, New York 10018
                                (212) 594-2400

U:\FLOODDOC\2697001\Motions\MOL-amend.doc

**CERTIFICATE OF SERVICE**

Jon Werner, an attorney duly admitted to practice before this Honorable Court, affirms on this 11th day of April 2012, that he served true copies of the foregoing, via email and by U.S. Mail, first-class postage pre-paid to:

>Law Office of Dmitry A. Chernov
>11821 Parklawn Drive, Suite 206
>Rockville, MD 20852
>
>Attn: Kostyantyn Nesterov, Esq.
>**kosta.nesterov@gmail.com**
>
>Dmitry A. Chernov, Esq.
>**dchernov@aol.com**

_____
Jon Werner

U:\FLOODDOC\2697001\Motions\MOL-amend.doc